✎ JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Jesus Torres

## DEFENDANTS

J.B. Lampley

**(b)** County of Residence of First Listed Plaintiff Contra Costa
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Alameda
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Thomas N. Stewart, III
369 Blue Oak Lane
Clayton, Ca 94517

Attorneys (If Known)

11-2332
MEJ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities — | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | 26 USC 7609 | to Justice |
| | ☒ 446 Amer. w/Disabilities — | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 12101

Brief description of cause:
ADA Title III

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

DATE
May 9, 2011

SIGNATURE OF ATTORNEY OF RECORD



1  THOMAS N. STEWART, III - #88128
   ATTORNEY AT LAW
2  369 BLUE OAK LANE, 2nd FLOOR
   CLAYTON, CA 94517
3  TELEPHONE (925) 672-8452
   TELEFAX (925) 673-1729
4  E-MAIL t_stew_3@yahoo.com
   Attorneys for Jesus Torres

5

6

7  **ORIGINAL**          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9                                                        **MEJ**

10     JESUS TORRES,               Case No. CV 11-  **2332**

                                  Civil Rights
11         Plaintiff,

                                  COMPLAINT FOR PRELIMINARY AND
12     v.                         PERMANENT INJUNCTIVE RELIEF AND
                                  DAMAGES: DENIAL OF CIVIL RIGHTS AND
13     J.B. LAMPLEY,              PUBLIC FACILITIES TO PHYSICALLY
                                  DISABLED PERSONS (CIVIL CODE §§ 51,
14                                ET SEQ.; INJUNCTIVE RELIEF PER
                                  TITLE III, AMERICANS WITH DISABILITIES
15                                ACT OF 1990

16         Defendant.
                              /
17
           Plaintiff, Jesus Torres, alleges:
18
           FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF
19     FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION:
           PUBLIC FACILITIES AT AN OFFICE BUILDING (Civil Code §§ 51, et seq.)

20     1.    Plaintiff is permanently visually impaired to the extent that he is legally blind. He is

21     thus is a "person with a disability" and "physically handicapped person". Plaintiff requires the

22

23     Complaint                        1

1    use of a cane for locomotion and is either unable to use portions of public facilities which are

2    not accessible to the visually impaired, or is only able to use such portions with undue

3    difficulty.

4    2. The 405 14TH Street, Oakland, California, building (the Building) is open to the public.

5    Defendant owns the real property where the Building is located.

6    3. Summary of facts: This case involves the denial of access to Plaintiff and others similarly

7    situated at the Building on March 22, 2011. Plaintiff was denied equal protection of the law and

8    was denied Civil Rights under both California law and federal law, as below described because

9    the Building's permanent spaces lacked appropriately located tactile identification signs,  which

10   made the Building not properly accessible to Plaintiff and to others similarly situated.  Plaintiff

11   seeks injunctive relief to require Defendants to correct those barriers, to comply with ADAAG and

12   the CBC where required, to remove all barriers to access in the Building which are readily

13   achievable and related to Plaintiff's disability, to make all reasonable accommodations in policy in

14   order to enable Plaintiff and others similarly situated to use the Building and at minimum, to use

15   readily achievable alternative methods to enable Plaintiff to use the goods and services which the

16   Building makes available to the non-disabled public.  Plaintiff also seeks the recovery of damages

17   for his personal damages involved in the discriminatory experiences on March 22, 2011, and seeks

18   recovery of reasonable attorney's fees and litigation expenses and costs according to statute.

19   4. Jurisdiction: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations

20   of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq.  Pursuant to supplemental

21   jurisdiction, attendant and related causes of action arising from the same facts are also brought

22   under California law, including but not limited to violations of California Civil Code §§ 51 and

23   Complaint                                    2

52.

5. Venue: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact that the location where Plaintiff experienced his discrimination is located in this district and that Plaintiff's causes of action arose in this district.

6. Intradistrict: This case should be assigned to the San Francisco intradistrict because the incident occurred in, and Plaintiff's rights arose in, the San Francisco intradistrict.

7. The Building is a "public accommodation or facility" subject to the requirements of California Civil Code § 51 and 52.

8. Placeholder.

9. Defendants are and were the owners, operators, managers, lessors and lessees of the subject Building at all times relevant herein. Plaintiff is informed and believes that each of the Defendants is and was the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

10. Plaintiff and others similarly situated are disabled persons who are visually impaired and legally blind and are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990 and the regulations thereof. Under Civil Code § 51 Defendants were required to comply with the requirements of the Americans with Disabilities Act of 1990 and the federal regulations adopted pursuant thereto. The acts and omissions of which Plaintiff complains took place at the Building.

11. Civil Code § 51, et seq. was enacted to prohibit discrimination and to encourage the full and

Complaint                                    3

free use by people with disabilities of public facilities and other public places. CC § 51 states that a violation of the Americans with Disabilities Act of 1990 is a "violation of this section"; CC § 52 states that minimum damages for discrimination are $4,000 for each incidence of discrimination.

12. Health & Safety Code § 19955 was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code." Such public accommodations include those which are the subject of this action. On information and belief, Title 24 California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of construction and of each alteration of work, all of which occurred after July 1, 1982, thus requiring access complying with the specifications of title 24 for all such construction and for each such "alteration, structural repair or addition".

13. The Building's permanent rooms and spaces, including Suite 500, have identifying signs. However, none of the signs are in the required tactile form.

On March 22, 2011, Plaintiff went to the Building, Suite 500, for an appointment with an immigration lawyer regarding him mother-in-law. He went to a location of the Building that he believed to be Suite 500, but was unable to identify it due to the lack of a tactile sign, and was required to rely on others to inform him of the identity of Suite 500.

Thus, on March 22, 2011, Plaintiff patronized the Building, encountered the above-described barrier, and experienced difficulty and embarrassment because of it.

14. Defendants' failure to remove the barriers as aforesaid, remove all readily achievable barriers, institute policies in furtherance of accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services offered to the non-disabled public without having to suffer

Complaint                                        4

the indignities, as aforesaid, was a violation of the California Building Code, the Americans with Disabilities Act and federal regulations adopted pursuant thereto, and as a consequence, was a violation of Civil Code § 51 et seq.

15. Injunctive relief: Plaintiff seeks injunctive relief to prohibit the acts and omissions by Defendant at the Building as stated above which appear to be continuing, and which have the effect of discriminating against Plaintiff based on his disability. Plaintiff will continue to go to the Building as needed. Such acts and omissions are the cause of humiliation and inconvenience of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against Plaintiff on the sole basis that Plaintiff is a person with a disability. Plaintiff is unable so long as such acts and omissions of Defendant continue, to achieve equal access to and use of this public facility. The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

16. Damages: As a result of the denial of equal access to the Building and due to the acts and omissions of Defendants and each of them in owning, operating and/or leasing the Building, Plaintiff suffered a violation of Civil Rights including but not limited to rights under Civil Code §§ 51, et seq., and suffered mental and emotional distress, all to Plaintiff's damages. Defendant's actions and omissions to act constituted discrimination against Plaintiff on the sole basis that Plaintiff was physically disabled and unable to use the facilities on a full and equal basis as other persons. Plaintiff seeks the minimum damages of $4,000 pursuant to CC § 52, for each of the dates on which Plaintiff was subjected to barriers at the Building.

17. Fees and costs: As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney's fees, litigation expenses, and costs as provided by statute, in order to

Complaint                                              5

enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney's fees and costs, pursuant to the provisions of Civil Code § 52. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorney's fees, litigation expenses and costs pursuant to Code of Civil Procedure § 1021.5.

18. Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to comply with the requirements of the California Building Code, the Americans with Disabilities Act of 1990 and regulations adopted pursuant thereto with respect to access of disabled persons to the Building; for statutory damages pursuant to CC § 52; and for attorneys' fees and costs pursuant to CC § 52 and 1021.5.

SECOND CLAIM FOR RELIEF:
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
42 USC §§ 12101 FF

19. Plaintiff realleges the allegations of paragraphs 1-18 hereof.

20. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities"; that "historically society has tended to isolate and segregate individuals with disabilities"; and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for

Complaint                                            6

1   such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and

2   prejudice denies people with disabilities the opportunity to compete on an equal basis and to

3   pursue those opportunities for which our free society is justifiably famous ..."

4   21. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC

5   §12101(b)):

6       It is the purpose of this act
    (1) to provide a clear and comprehensive national mandate for the elimination of
7       discrimination against individuals with disabilities;

8       (2) to provide clear, strong, consistent, *enforceable standards* addressing discrimination
    against individuals with disabilities;

9       (3) to ensure that the Federal government plays a central role in enforcing the standards
10      established in this act on behalf of individuals with disabilities; and

11      (4) to invoke the sweep of Congressional authority, including the power to enforce the
    14th Amendment and to regulate commerce, in order to address the major areas of
12      *discrimination faced day to day* by people with disabilities (emphasis added).

13  22. As part of the Americans with Disabilities Act, Public Law 101-336 (hereinafter the "ADA"),

14  Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

15  (42 USC 12181 ff). Among "private entities" which are considered "public accommodations" for

16  purposes of this Title is an office building (Regulation 36.104).

17  23. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis

18  of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

19  advantages or accommodations of any place of public accommodation by any person who owns,

20  leases or leases to, or operates a place of public accommodation."

21  24. Among the specific prohibitions against discrimination were included: *§12182(b)(2)(A)(ii)*:

22  "A failure to make reasonable modifications in policies, practices or procedures when such

23      Complaint          7

modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities ..."; *§12182(b)(A)(iii)*: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services ..."; *§12182(b)(A)(iv)*: "A failure to remove architectural barriers and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable"; *§12182(b)(A)(v)*: "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable". The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

25. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the Americans With Disabilities Act. Because the Building was not accessible, Defendants had an obligation to have some sort of plan which would have allowed Plaintiff to enjoy the Building's services without having to suffer the indignities as aforesaid.

26. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this Title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §12182. On information and belief, Defendants have continued to violate the law and

Complaint                                              8

deny the rights of Plaintiff and of other disabled persons to access this public accommodation since on or before March 22, 2011. Pursuant to §12188(a)(2), "In cases of violations of §12182(b)(2)(A)(iv) ... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

27. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a person for purposes of Section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to patronize the Building.

Wherefore Plaintiff prays for relief as hereinafter stated:

PRAYER

1. Issue a preliminary and permanent injunction directing Defendants to modify its facilities as required by law to comply with the ADAAG and the CBC where required, remove all barriers where it is readily achievable to do so, institute policies in furtherance of accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services offered to the non-disabled public so that it provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to maintain its facilities usable by plaintiff and similarly situated persons with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that

Complaint                                    9

1    Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible

2    public facilities as complained of herein no longer occur, and will not recur;

3            3. Award to Plaintiff all appropriate statutory damages;

4            4. Award to Plaintiff all reasonable attorneys' fees, all litigation expenses, and all costs of

5    this proceeding as provided by law; and

6            5. Grant such other and further relief as this Court may deem just and proper.

7    Date: May 9, 2011

8

9                            ___S/Thomas N. Stewart, III_____
                              Attorney for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23    Complaint                                10